UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Greg Schillinger

    v.                            Civil No. 12-cv-423-JD

New Hampshire State Prison Warden,
et al.[1]


**ORDER**

Greg Schillinger, appearing pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence on counts of aggravated felonious sexual assault and felonious sexual assault, in State v. Schillinger, Nos. 00-S-0048 & 0049 (N.H. Super. Ct., Strafford Cnty.)[2]  The matter is before the court for preliminary review to determine whether the claims raised in the petition (doc. nos. 1, 4, 9-13, 15, and 17-22) are facially valid and may proceed.  See

---

[1]Schillinger has named as respondents in this action:  the New Hampshire State Prison ("NHSP") Warden; the New Hampshire Superior Court at Strafford County; and Superior Court Judge Bruce Mohl.  The proper respondent in a federal habeas petition brought pursuant to 28 U.S.C. § 2254 is the prisoner's custodian, here, NHSP Warden Richard Gerry.  See Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts.  The judge and court named as respondents are therefore dismissed from this case.

[2]The original petition filed by Schillinger (doc. no. 1), and the addenda thereto (doc. nos. 4, 9-13, 15, and 17-22), are deemed to be the "petition" in this action for all purposes

Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules").

## § 2254 Rule 4 Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.  The court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).  The court undertakes this review with due consideration for the petitioner's pro se status.  "[A]s a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Schillinger is a prisoner at the New Hampshire State Prison ("NHSP"), serving a sentence for a September 2000 conviction on counts of felonious sexual assault and aggravated felonious sexual assault.  See State v. Schillinger, Nos. 00-S-0048 & 0049 (N.H. Super. Ct., Strafford Cnty.).  The New Hampshire Supreme Court ("NHSC") affirmed Schillinger's convictions on October 22, 2002.  See State v. Schillinger, No. 2000-829 (N.H. Oct. 22, 2002).  Schillinger litigated a number of post-conviction motions in Strafford County Superior Court asserting claims of, among other things, ineffective assistance of counsel.  The Superior Court denied those motions.  The NHSC declined to accept Schillinger's discretionary appeals of orders denying Schillinger's post-conviction motions, in NHSC Case Nos. 2002-134 (N.H. Feb. 27, 2003), and 2003-666 (N.H. Nov. 20, 2003). Schillinger filed this § 2254 petition in 2012.

## Claims

Schillinger's § 2254 petition (doc. nos. 1, 4, 9-13, 15, and 17-22), liberally construed, asserts the following claims:

    1.   Schillinger's conviction was obtained in violation of his Fourteenth Amendment right to due process, because the evidence in Schillinger's trial was not sufficient to prove guilt beyond a reasonable doubt, in that the minor victim's testimony was ambiguous,

3

unreliable, and the product of "false memory implantation."

2.   The Superior Court's denial of Schillinger's request to admit expert opinion evidence (in the form of Dr. Ralph Underwager's letters) to rebut testimony as to the reliability of the victim's testimony, violated Schillinger's (a) Fourteenth Amendment right to due process; and (b) Sixth Amendment right to compulsory process.

3.   The Superior Court violated Schillinger's Fourteenth Amendment right to due process by failing to provide a preliminary hearing to assess the reliability of the minor victim's testimony, as required by State v. Hungerford, 142 N.H. 110, 119, 697 A.2d 916, 921 (1997).

4.   The Superior Court violated Schillinger's Fourteenth Amendment right to due process and Sixth Amendment right to confrontation of the evidence against him:  (a) by allowing the jury, during the trial, to view a videotaped interview of the victim; and (b) by allowing the jury to replay that videotape during its deliberations.

5.   The Superior Court violated Schillinger's: (a) Fourteenth Amendment right to due process; and (b) Sixth Amendment right to a fair trial before an impartial jury, by personally selecting the jury foreperson after reviewing the juror questionnaires.

6.   Schillinger's conviction was obtained in violation of his Fourteenth Amendment right to due process, in that a hostile police chief instituted the prosecution without probable cause, seeking revenge against Schillinger and fame for himself.

7.   Schillinger's counsel provided ineffective assistance of counsel, in violation of Schillinger's Sixth Amendment rights.

8.   The Superior Court violated Schillinger's Fourteenth Amendment right to due process by sentencing him before a psychiatrist examined him to determine

4

whether he was a dangerous sexual offender, contrary to the pre-sentencing examination procedure established by N.H. Rev. Stat. Ann. ("RSA") § 173-A:3.

9.   Schillinger's conviction violated his Fourteenth Amendment equal protection rights.

10.  Evidence derived from the Rollinsford Police Department's unlawful search of Schillinger's grandfather's house was used against Schillinger at trial, in violation of Schillinger's Fourth Amendment rights, in that:  (a) the search warrant was not supported by probable cause; and (b) the search exceeded the scope of the warrant.

11.  Evidence derived from the Rollinsford Police Department's unlawful arrest of Schillinger was used at trial, in violation of Schillinger's Fourth Amendment rights, in that the arrest was warrantless and not supported by probable cause.

12.  Schillinger has been subjected to conditions of confinement that violate his federal constitutional rights.

## Discussion

I.  Claims To Be Dismissed (Claims 8-12)

   A.  Timing of Psychiatric Examination (Claim 8)

Schillinger has alleged that the Superior Court sentenced him before a psychiatrist had examined him, contrary to state law and in violation of his Fourteenth Amendment right to due process. The referenced state statute, RSA § 173-A:3, was repealed in 1983, almost two decades before Schillinger was sentenced. Schillinger has not pleaded any facts showing how the timing or denial of any psychiatric examination relating to his

5

sentencing violated his rights to due process. Accordingly, the court dismisses Claim 8.

    B.   <u>Equal Protection (Claim 9)</u>

Schillinger has asserted that procedures in the state courts relating to his criminal case violated his equal protection rights. Schillinger has stated no facts, however, suggesting a basis upon which the court could find that he was discriminated against, or treated differently than any similarly situated person. Accordingly, the court dismisses Schillinger's equal protection claim, numbered Claim 9 above.

    C.   <u>Fourth Amendment (Claims 10-11)</u>

The court construes the petition as intending to assert two Fourth Amendment claims: (1) Claim 10, asserting that Schillinger's conviction was obtained after the introduction of evidence at trial derived from an illegal, overbroad search; and (2) Claim 11, asserting that his conviction was obtained after the introduction of evidence at trial derived from his unlawful arrest, where the arrest was warrantless and not supported by probable cause.

"[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim," however, "a state prisoner may not be granted federal habeas corpus relief on the

ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976); see also Wallace v. Kato, 549 U.S. 384, 395 n. 5 (2007); Sanna v. Dipaolo, 265 F.3d 1, 8 (1st Cir. 2001) (Fourth Amendment claims are not cognizable in habeas action unless "petitioner had no realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state system."). The petitioner bears the burden of showing that his case "fits within the contours of the exception." Sanna, 265 F.3d at 8.

Here, Schillinger has asserted no facts suggesting that he lacked an opportunity to litigate his Fourth Amendment claims fully and fairly in the state system. Accordingly, the court dismisses Schillinger's Fourth Amendment claims (Claims 10-11).

D. Conditions of Confinement (Claim 12)

Schillinger has alleged that: (a) his access to the library was improperly limited; (b) he was shackled, "tortured," and abused while in the NHSP, at the Secure Psychiatric Unit, and/or in the custody of the Merrimack County Sheriff's Department; (c) prison officials have interfered with his legal mail; (d) his free speech rights have been improperly restricted; (e) his food has been poisoned; and (f) he has suffered retaliatory harm as a result of his exercise of his federal constitutional rights

7

during his incarceration.  Such allegations may give rise to civil rights claims concerning the conditions of Schillinger's confinement, but do not form the basis for a federal habeas action challenging the fact or duration of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (traditional purpose of habeas corpus is to challenge fact or duration of confinement); Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005) ("While the Supreme Court has left the door open a crack for habeas corpus claims challenging prison conditions, it has never found anything that qualified.").  The court therefore dismisses the claims challenging the conditions of Schillinger's confinement (Claim 12), without prejudice to Schillinger's ability to file a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.

II.  Exhaustion (Claims 1-7)

   A.   Standard

   To be eligible for relief under § 2254 on Schillinger's remaining claims, Claims 1-7 numbered above, Schillinger must show that he has exhausted the remedies available to him in the State courts, or that State corrective processes are unavailable or ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1).  Unexhausted claims may not be cited as grounds for

federal habeas relief. See id.; Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011). The exhaustion requirement applies to all claims asserted by a petitioner in a single § 2254 petition; a petition including exhausted claims and unexhausted claims is subject to dismissal. See Nowaczyk v. Warden, 299 F.3d 69, 75 (1st Cir. 2002).

A petitioner's remedies in New Hampshire may be exhausted in the state courts through a direct appeal of a criminal conviction to the NHSC asserting federal claims, or a motion for a new trial or a petition for writ of habeas corpus filed in the state courts, with the adverse judgment on any federal claims presented to the NHSC. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). The focus of the exhaustion inquiry centers on the NHSC docket, and whether the presentation of the issues in the state's highest court "'alerted that tribunal to the claim's federal quality and approximate contours.'" Coningford, 640 F.3d at 482 (citation omitted).

### B. Sufficiency of Evidence (Claim 1)

Claim 1 is Schillinger's claim that the evidence in his trial was insufficient for a conviction:

> Claim 1. Schillinger's conviction was obtained in violation of his Fourteenth Amendment right to due process, because the evidence in Schillinger's trial was not sufficient to prove guilt beyond a reasonable

9

>  doubt, in that the minor victim's testimony was
>  ambiguous, unreliable, and the product of "false memory
>  implantation."

In Case No. 2000-829, the NHSC considered and rejected on the merits essentially the same claim. Cf. Mulnix v. Sec'y for Dep't of Corrs., 254 F. App'x 763, 764-65 (11th Cir. 2007) (finding that federal due process claim was exhausted when state courts reviewed sufficiency of evidence claim using standard set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Therefore, Claim 1 is exhausted.

    C.    Remaining Claims (Claims 2-7)

Schillinger has asserted that he litigated more than 160 post-conviction motions in state Superior Court prior to filing this § 2254 petition. The NHSC docket includes records of only two appeals, however, relating to Schillinger's post-conviction proceedings: NHSC Case Nos. 2002-134 and 2003-666. Schillinger has not provided this court with the notices of appeal in those cases. Nor has he filed the underlying Superior Court orders from which those appeals were taken. Furthermore, Schillinger has not provided this court with a copy of the notice of appeal and briefs filed in his direct appeal, in NHSC Case No. 2000-869. This court thus cannot conclude that Schillinger presented all of his federal claims to the NHSC. Therefore, the court finds that

Schillinger has not demonstrated exhaustion of state remedies as to Claims 2-7.

Accordingly, the court directs Schillinger to file, as exhibits in this court, those portions of the NHSC record that show whether Schillinger exhausted his state remedies on the following claims (numbered Claims 2-7):

> Claim 2. The Superior Court's denial of Schillinger's request to admit expert opinion evidence at trial (in the form of Dr. Ralph Underwager's letters) to rebut testimony as to the reliability of the victim's testimony, violated Schillinger's (a) Fourteenth Amendment right to due process; and (b) Sixth Amendment right to compulsory process.
>
> Claim 3. The Superior Court violated Schillinger's Fourteenth Amendment right to due process by failing to provide a preliminary hearing to assess the reliability of the minor victim's testimony, as required by State v. Hungerford, 142 N.H. 110, 119, 697 A.2d 916, 921 (1997).
>
> Claim 4. The Superior Court violated Schillinger's Fourteenth Amendment right to due process and Sixth Amendment right to confrontation of the evidence against him: (a) by allowing the jury, during the trial, to view a videotaped interview of the victim; and (b) by allowing the jury to replay that videotape during its deliberations.
>
> Claim 5. The Superior Court violated Schillinger's: (a) Fourteenth Amendment right to due process; and (b) Sixth Amendment right to a fair trial before an impartial jury, by personally selecting the jury foreperson after reviewing the juror questionnaires.
>
> Claim 6. Schillinger's conviction was obtained in violation of his Fourteenth Amendment right to due process, in that a hostile police chief instituted the

prosecution without probable cause, seeking revenge against Schillinger and fame for himself.

Claim 7.  Schillinger's counsel provided ineffective assistance of counsel, in violation of Schillinger's Sixth Amendment rights.

## Conclusion

For the foregoing reasons, the court dismisses the claims identified in this order as Claims 8-12.  The clerk shall drop the respondent court and respondent judge from this case. The court directs Schillinger to file, within thirty days of the date of this order, the following documents that comprise part of the record before the NHSC, relating to Schillinger's conviction:

> A.  A copy of any briefs, notices of appeal, appendices, exhibits, motions, and orders of the Superior Court and the NHSC included in the NHSC docket in State v. Schillinger, No. 2000-829, relevant to this court's exhaustion inquiry;
>
> B.  A copy of any notice of appeal, appendices, exhibits, motions, and orders of the Superior Court and the NHSC included in the NHSC docket in State v. Schillinger, No. 2002-134, relevant to this court's exhaustion inquiry; and
>
> C.  A copy of any notice of appeal, appendices, exhibits, motions, and orders of the Superior Court and the NHSC included in the NHSC docket in State v. Schillinger, No. 2003-666, relevant to this court's exhaustion inquiry.

When the court receives Schillinger's response to this order, or upon the expiration of the time allotted for Schillinger to file a response, the court will consider whether

to serve the petition, dismiss it for lack of exhaustion, or enter any other appropriate order.

**SO ORDERED.**

/s/ Joe Laplante
Joseph Laplante
United States District Judge

Dated: February 1, 2013

cc: Greg Schillinger, pro se