UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Greg Schillinger</u>

   v.                                           Civil No. 12-cv-423-JD

<u>New Hampshire State Prison Warden</u>

**O R D E R**

Before the court is petitioner Greg Schillinger's motion requesting leave to amend (doc. no. 25) his 28 U.S.C. § 2254 petition for writ of habeas corpus.[1]  Schillinger's motion to amend, filed with exhibits to support the allegations therein, seeks to add the following claims to his § 2254 petition:

> A.  Schillinger's conviction was obtained in violation of his Fourteenth Amendment right to due process, in that the trial judge in Schillinger's criminal proceedings was biased against Schillinger.
>
> B.  Schillinger's sentence violates his rights under the Eighth Amendment, in that his sentence is grossly disproportionate to the crimes charged, and to sentences imposed in cases in which the criminal act caused death.
>
> C.  Schillinger's sentence violates his rights under the Eighth Amendment to humane conditions of confinement, in that he has been subjected to physical and emotional abuse, starvation, inadequate medical care, temperature extremes, excessive noise, and contaminated, unhealthy, and/or insufficient food and water.

---

[1]Also pending in this matter are petitioner's two motions to appoint counsel (doc. nos. 3 and 16).  The motions will be addressed after Schillinger responds to the court's February 1, 2013, order (doc. no. 26), and to this order, both of which direct Schillinger, by March 5, 2013, to file documents to demonstrate that he has exhausted his state court remedies on his claims for federal habeas relief

The court may grant a petitioner leave to amend a § 2254 petition when justice so requires. See Fed. R. Civ. P. 15(a)(2); see also 28 U.S.C. § 2243 (petition may be amended as provided in federal civil procedure rules). Leave to amend may be denied if the record shows that the proposed amendment would be futile. See Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007); see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (district judge must dismiss claims upon preliminary review if petition and exhibits plainly show that petitioner is not entitled to relief).

An action for federal habeas relief lies where a petitioner is challenging the fact or duration of his confinement on the ground that it violates his federal rights. See 28 U.S.C. § 2254(a). The third claim (identified as Claim C) above fails to state a claim cognizable in a federal habeas corpus action, as it challenges the conditions of his confinement, and not the fact or duration of his confinement per se. See generally Nelson v. Campbell, 541 U.S. 637, 643 (2004). Even if all of Schillinger's allegations are presumed true, injunctive relief in the form of a release order would not be required, as a damage award or other forms of injunctive relief available in an action brought pursuant to 42 U.S.C. § 1983 may suffice. The court previously dismissed without prejudice similar conditions of confinement claims asserted in Schillinger's original petition. See Order

(Feb. 1, 2013) (doc. no. 26).  For the reasons set forth here and in the February 1, 2013 order, the court denies the motion to amend the petition to add claims and allegations asserting inhumane conditions of confinement, without prejudice to Schillinger refiling claims based on those allegations in a separately filed § 1983 action.

As to the remaining claims Schillinger seeks to add to the § 2254 petition (identified above as Claims A and B), Schillinger has failed to demonstrate that he has exhausted his state court remedies.  This court previously granted Schillinger until March 5, 2013, to file documents to show that he has exhausted his state court remedies on each claim asserted in the § 2254 petition.  See Order (Feb. 1, 2013) (doc. no. 26).  The court directs Schillinger to file documents from the NHSC record to show that he has exhausted his state court remedies as to the claims identified above as Claims A and B on or before the same deadline, **March 5, 2013.**

## Conclusion

The motion to amend (doc. no. 25) is granted in part and denied in part.  The motion is granted to the extent that the court adds to the petition the claims identified as Claims A and B above.  The motion is denied in all other respects.

The court directs Schillinger to file, by **March 5, 2013,** any documents from the NHSC docket, relating to Schillinger's

conviction, which demonstrate that Schillinger has exhausted his state court remedies as to Claims A and B above.

The February 1, 2013 order (doc. no. 26) remains in full force and effect.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated: February 12, 2013

cc: Greg Schillinger, pro se