```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Greg Schillinger

    v.                                      Civil No. 12-cv-423-JL

New Hampshire State Prison Warden
```

**O R D E R**

Before the court are the following motions:

- two motions seeking appointment of counsel (doc. nos. 3 and 16);

- a motion to extend time to file documents demonstrating exhaustion of state court remedies and requesting subpoenas (doc. no. 35);

- a motion to amend (doc. no. 29) the § 2254 petition;

- a motion requesting subpoenas (doc. no. 36);

    a motion for "immediate release" (doc. no. 39);

- a motion to expand the record (doc. no. 45); and

- a motion to add exhibits and suspend sentence (doc. no. 46).

**I.   Appointment of Counsel (doc. nos. 3 and 16)**

Schillinger seeks the appointment of counsel in each of two motions (doc. nos. 3 and 16). The motions are essentially duplicative. This court has authority, under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, to provide representation for any financially eligible person seeking relief under 28

U.S.C. § 2254, if the court determines that the interests of justice require representation.  See 18 U.S.C. § 3006A(a)(2)(B).

    Schillinger is eligible for an appointment of counsel under 18 U.S.C. § 3006A(a)(2).  The court has further reviewed the petition and Schillinger's numerous filings.  Schillinger has demonstrated difficulty marshaling the exhibits he needs to litigate his § 2254 petition pro se, and to express his claims succinctly.  The interests of justice require an appointment of counsel for Schillinger.  Therefore, both motions to appoint counsel (doc. nos. 3 and 16) are granted, and the clerk is directed to find counsel willing and able to represent Schillinger, consistent with this court's CJA plan.

    Appointed counsel is specifically directed to review the record in this case and in Schillinger's state court proceedings, and to file within 120 days:

> (1) an amended federal habeas petition, including as exhibits thereto, documents derived from the NHSC record demonstrating that Schillinger has exhausted his state court remedies on each claim asserted in his amended petition, as required by this order, by previous orders of this court (doc. nos. 26 and 28), see also 28 U.S.C. § 2254(b)(1);
>
> (2) a motion to drop any unexhausted claims, acknowledging that Schillinger will likely lose the ability to raise any foregone claims in a successive habeas petition, see 28 U.S.C. § 2244(b); and/or
>
> (3) a motion to stay Schillinger's § 2254 petition, asserting that Schillinger intends to return to the state

courts to exhaust state remedies as to each federal claim asserted in the § 2254 petition.

## II. Motion to Extend Time and for Subpoenas (doc. no. 35)

Schillinger has moved for an extension of time to show that he has exhausted his state court remedies, and he has combined with that motion a request for subpoenas. The court grants in part and denies in part Schillinger's motion (doc. no. 35). The motion is granted to the extent that the deadline by which Schillinger, through appointed counsel, shall file documents to demonstrate exhaustion, is extended until 120 days from the date of this order. The motion is denied in all other respects.

## III. Remaining Motions (doc. nos. 29, 36, 39, 45 and 46)

Schillinger's motion for immediate release (doc. no. 39) seeks information regarding the status of this petition, as well as an order granting his petition in light of "structural error" in his state criminal case. The respondent has not been served; the petition remains subject to dismissal until Schillinger demonstrates exhaustion of state remedies as to each claim asserted therein; and there is a substantial question as to whether Schillinger's petition is time-barred. Granting Schillinger's request for immediate release would be, to say the

least, premature at this time.  Accordingly, that motion is denied (doc. no. 39).

   Schillinger has also filed a motion (doc. no. 36) seeking subpoenas from the clerk that he intends to serve to obtain documents relevant to his § 2254 petition.  The appointment of counsel through this order moots any need for the clerk to issue subpoenas.  Accordingly, the motion for subpoenas is denied.

   In light of this order appointing counsel for Schillinger, the court denies the remaining motions pending in this action, specifically, the motion to amend the petition (doc. no. 29), the motion to expand the record (doc. no. 45), and the motion to add exhibits and to suspend Schillinger's sentence maximum and minimum (doc. no. 46).  Those motions, to the extent that they seek either to amend the petition, to add exhibits, or to expand the record, are denied without prejudice to refiling by counsel for Schillinger, after counsel appears in this action.

## Conclusion

   Schillinger's motion seeking an extension of time and requesting subpoenas (doc. no. 35), is granted in part and denied in part.  The motion is granted to the extent that court extends until 120 days from the date of this order, the deadline for

4

Schillinger, through appointed counsel, to demonstrate exhaustion. The motion is denied in all other respects.

Schillinger's motions to appoint counsel (doc. nos. 3 and 16) are granted, and the clerk is directed to identify counsel willing and able to represent Schillinger in his § 2254 petition, consistent with this court's CJA plan.

The remaining pending motions (doc. nos. 29, 36, 39, 45 and 46) are denied. To the extent that those motions seek to amend the petition, to add exhibits, and to expand the record, they are denied without prejudice to refiling after counsel appears in this action.

**SO ORDERED.**

／s／ Joseph N. Laplante
Joseph N. Laplante
United States District Judge

Dated: April 30, 2013

cc: Greg Schillinger, pro se